IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN SMALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-1615-SLR |
| | ) |
| ROBERTO J. HERRERA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Warren Small ("plaintiff"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, proceeds pro se and has been granted in forma pauperis status. His original complaint, filed pursuant to 42 U.S.C. § 1983,[1] was dismissed on March 25, 2014, and plaintiff was given leave to amend. (D.I. 11, 12) Plaintiff filed an amended complaint on April 8, 2014, and a supplement to the complaint on May 6, 2014. (D.I. 13, 14)

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion.** Plaintiff alleges that he was wrongfully arrested on September 28, 2012 without probable cause, and claims violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The amended complaint alleges that false statements were used to support the issuance of three warrants: a search warrant by Judge/Justice of the Peace on September 19, 2013, and a DNA warrant and arrest warrant both issued by a Judge/Commissioner/ Court Official on September 28, 2013. (D.I. 13 ¶¶ 3, 4; Sept. 19, 2012 search warrant; Sept. 28, 2012

3

arrest warrant; Sept. 28, 2012 DNA warrant) The amended complaint further alleges that plaintiff is falsely imprisoned.

7. The preliminary hearing transcript indicates that, on the date the search warrant was executed, plaintiff was stopped and detained as he walked towards the house for which the search warrant issued, 27 Bedford Drive, Wilmington, Delaware. (D.I. 13 hearing transc. at 4, 5) The search warrant named plaintiff as the owner of the premises. (*Id.* at 13) Plaintiff was placed in the back seat of a police vehicle. (*Id.* at 29) At the time, officers were aware that plaintiff was a person prohibited from possessing a firearm as a result of a prior conviction for possession of a deadly weapon. (*Id.* at 28, 29) Plaintiff provided the officers a key to a locked safe in the house and, during the search, officers founds a loaded weapon and money in the safe, as well as money in another room and packages of heroin in a doorframe on the outside of the house. (*Id.* at 6, 7, 8, 9, 18, 19) At the conclusion of the preliminary hearing, the court found sufficient probable cause that plaintiff was one of the individuals who allegedly committed the offenses for which he was charged. (*Id.* at 31)

8. Plaintiff was unable to make bail and was held as a pretrial detainee from September 28, 2012 until May 12, 2013 when he was released. (D.I. 14) For reasons not divulged, plaintiff returned to jail on June 21, 2013 where he remains to date. (*Id.*) Plaintiff seeks $2,800 for each day of his wrongful incarceration. (*Id.*) Computer records indicate that criminal charges remain pending against plaintiff.

9. **Unlawful Arrest**. Plaintiff alleges that he was arrested without probable cause when defendants used false statements to obtain a search warrant. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that

there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274-75 (1994).

10. Because plaintiff's claim of an arrest without probable cause may imply that his potential conviction on his pending criminal charges is invalid, the claim must be stayed pending resolution of those charges. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). The court, therefore, will stay this case with respect to the unlawful arrest and wrongful detention claims, and will defer reaching the merits of the claims and the threshold question of whether such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994),[2] until the disposition of plaintiff's pending criminal charges in State Court.

11. **Conclusion.** For the above reasons, the complaint will be stayed until resolution of the criminal charges pending against plaintiff in State Court. A separate order shall issue.

Date: June 26, 2014

UNITED STATES DISTRICT JUDGE

---

[2]In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.