IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| WARREN SMALL, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 13-1615-SLR ) |
| ROBERTO J. HERRERA, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Warren Small ("plaintiff"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, proceeds pro se and has been granted in forma pauperis status. His original complaint, filed pursuant to 42 U.S.C. § 1983,[1] was dismissed on March 25, 2014, and plaintiff was given leave to amend. (D.I. 11, 12) Plaintiff filed an amended complaint on April 8, 2014, and a supplement to the complaint on May 6, 2014. (D.I. 13, 14) Given his allegations and the posture of his State criminal proceedings, plaintiff was ordered to provide the court with periodic status reports. Plaintiff advised that his criminal conviction was affirmed on direct appeal, that he recently filed a motion for post-conviction relief, and that he will be filing a motion for a new trial based upon newly discovered evidence. (See D.I. 19, 20)

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff seeks compensatory damages for wrongful incarceration. Plaintiff alleges that he was wrongfully arrested on September 28, 2012 without probable cause, and claims violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The amended complaint alleges that false statements were used to support the issuance of three warrants: a

3

search warrant by Judge/Justice of the Peace on September 19, 2013, and a DNA warrant and arrest warrant both issued by a Judge/Commissioner/ Court Official on September 28, 2013. (D.I. 13 ¶¶ 3, 4; Sept. 19, 2012 search warrant; Sept. 28, 2012 arrest warrant; Sept. 28, 2012 DNA warrant) The amended complaint further alleges that plaintiff is falsely imprisoned.

7. The preliminary hearing transcript indicates that, on the date the search warrant was executed, plaintiff was stopped and detained as he walked towards the house for which the search warrant issued, 27 Bedford Drive, Wilmington, Delaware. (D.I. 13 hearing transc. at 4, 5) The search warrant named plaintiff as the owner of the premises. (*Id.* at 13) Plaintiff was placed in the back seat of a police vehicle. (*Id.* at 29) At the time, officers were aware that plaintiff was a person prohibited from possessing a firearm as a result of a prior conviction for possession of a deadly weapon. (*Id.* at 28, 29) Plaintiff provided the officers a key to a locked safe in the house and, during the search, officers founds a loaded weapon and money in the safe, as well as money in another room and packages of heroin in a doorframe on the outside of the house. (*Id.* at 6, 7, 8, 9, 18, 19) At the conclusion of the preliminary hearing, the court found sufficient probable cause that plaintiff was one of the individuals who allegedly committed the offenses for which he was charged. (*Id.* at 31)

8. On June 21, 2013, following a four-day trial, Small was found guilty of possession of a firearm by a person prohibited. *See Small v. State*, 106 A.3d 1050 (Del. 2015) (table). On direct appeal plaintiff argued that his statement to the police regarding the gun he was holding for a friend should have been excluded because he was under the influence of drugs, his mother was threatened with arrest, and he did not

4

knowingly, intelligently, and voluntarily waive his *Miranda* rights. *Id.* He also attacked evidence obtained from the search warrant, the warrant for his arrest, and the search warrant for his DNA. Plaintiff's attorney did not file any motions to suppress within the time allowed and, on the first day of trial, plaintiff asked if he could proceed pro se and file motions. Plaintiff filed a motion for a suppression hearing and a motion for a Franks hearing that day and both motions were denied as untimely. The Delaware Supreme Court found that exceptional circumstances had not prevented the timely filing of a motion to suppress and, therefore, the Superior Court did not abuse its discretion by refusing to consider the untimely suppression motions. The Delaware Supreme Court concluded that plaintiff's appeal was wholly without merit and devoid of any arguably appealable issue.

9. **Unlawful Arrest**. Plaintiff alleges that he was arrested without probable cause when defendants used false statements to obtain a search warrant. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274-75 (1994).

10. Plaintiff was found guilty of possession of a firearm by a person prohibited and sentenced. His conviction remains valid. Nevertheless, he seeks damages for his allegedly unlawful arrest and subsequent incarceration. Where a prisoner seeks monetary relief resulting from an allegedly unconstitutional conviction or imprisonment, the prisoner may bring a claim under section 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). However, absent proof that a "conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," where a successful claim would "necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed." *Id.*

11. *Heck's* effect on unlawful arrest and unlawful imprisonment claims depends upon the unique facts of each arrest and their role in the underlying criminal case. *Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety Div. of State Police*, 411 F.3d 427, 452 (3d Cir. 2005). *Heck* forecloses unlawful arrest and imprisonment claims that attack the fundamental evidentiary grounds supporting a conviction. *See Heck*, 512 U.S. at 487 n.7 ("[T]he § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned." (citation omission)); *Wells v. King*, 232 F. App'x 148, 149 (3d Cir. 2007) (unpublished) (upholding dismissal of the plaintiff's false imprisonment claim because he advanced it as a means of challenging "every aspect of [his] prosecution and conviction-including his arrest and imprisonment"). Hence, a plaintiff falls squarely within the *Heck's* preclusive reach if the plaintiff alleges that "the only evidence supporting the conviction is tainted by a possible constitutional violation." *Gibson*, 411 F.3d at 452 (applying *Heck* to a case in which a convicted plaintiff alleged that police officers wrongfully arrested him based upon evidence gathered in violation of his Fourth Amendment rights).

12. Plaintiff's arrest followed the officers' execution of a valid search warrant, and after plaintiff provided police officers access to locked boxes that contained a

6

weapon and drugs. Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. Notably, the Delaware Supreme Court found plaintiff's direct appeal wholly without merit and devoid of any arguable appealable issue. Moreover, it is evident from his pleadings that plaintiff raises the claims he does in an effort to attack his conviction as invalid. Hence, plaintiff's claim for damages suffered as a result of his arrest and incarceration necessarily implies their invalidity. *See Edwards v. New Jersey*, 2009 WL 3261951, at * 4 (D.N.J. Oct. 7, 2009) (finding that the plaintiff's false arrest claim was a "collateral attack" on the pending state criminal proceeding related to the assault and resisting arrest, and thus barred under *Heck*). Accordingly, plaintiff's claims are barred by Heck. *Id.*; *see also Walke v. Cullen*, 491 F. App'x 273, 276 (3d Cir. 2012) (unpublished).

13. **Conclusion.** For the above reasons, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The court finds amendment futile. A separate order shall issue.

Date: June 2, 2015

UNITED STATES DISTRICT JUDGE